IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JESSICA J. REBIK, ) | CIVIL NO.  06-00263 JMS-KSC |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION THAT CASE |
| vs. ) | BE DISMISSED |
| ) | |
| UNITED AIRLINES, INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION THAT CASE BE DISMISSED

Plaintiff Jessica J. Rebik's ("Plaintiff") Complaint was removed from the First Circuit Court of the State of Hawaii on May 12, 2006.  A Rule 16 scheduling conference was held on August 15, 2006, and a jury trial was scheduled for August 14, 2007.  At the request of counsel, an early settlement conference was scheduled for October 20, 2006.

The October 20, 2006 settlement conference was continued to November 20, 2006.  At the request of Plaintiff's counsel, the November 20, 2006 settlement conference was rescheduled to December 21, 2006, because counsel

was unable to contact his client.  The settlement conference was postponed to January 3, 2007 because of counsel's ongoing inability to contact his client.

A status conference was held on January 3, 2007.  At the status conference, attorney Brower advised the Court that he had lost contact with Plaintiff Jessica Rebik.

Thereafter, a further status conference was held on January 24, 2007.  Plaintiff's counsel again indicated that he had no communication with his client.  As a result, the Court issued an Order directing Plaintiff to appear and for her to show cause why the case should not be dismissed for lack of prosecution.  The Order was issued on January 24, 2007, and a hearing on the order to show cause was scheduled for February 21, 2007.

A copy of the Order was sent to Plaintiff's last known address and was returned as being undeliverable.

A hearing was held on February 21, 2007.  Plaintiff did not appear.  Plaintiff's attorney, Charles Brower, stated that he had no contact with Plaintiff Jessica Rebik.  Based on the foregoing, the Court finds that Plaintiff Jessica Rebik has failed to maintain communiction with her attorney Charles Brower and that she has made no reasonable effort to prosecute the claims presented in her Complaint.

A district court must weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  <u>Bautista v. Los Angeles County</u>, 216 F. 3d 837, 841 (9th Cir. 2000).

Balancing the five factors in this case, noting that little or no discovery had been undertaken and that no pretrial motions had been filed and mindful of the public policy which favors disposition of cases on their merits, the Court finds that dismissal of Plaintiff's Complaint without prejudice is an appropriate sanction in this case.

Consequently, the Court  FINDS and RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, February 22, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge